IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN KUAALOHA HEWETT,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CR. NO. 00-00063 DAE-BMK<br>CV. NO. 00-00277 DAE-BMK<br>CV. NO. 05-00314 DAE-BMK<br><br>FILED IN THE<br>UNITED STATES DISTRICT COURT<br>DISTRICT OF HAWAII<br><br>MAY 2 0 2005<br><br>at ___ o'clock and ___ min. ___ M.<br>WALTER A.Y.H. CHINN, CLERK |

ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

Pursuant to Local Rule 7.2(d), the Court finds this matter suitable for disposition without a hearing. After reviewing Petitioner's Motion and the supporting and opposing memoranda, the Court DENIES Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

BACKGROUND

On February 24, 2000, Petitioner John Kuaaloha Hewett pled guilty before U.S. Magistrate Judge Barry M. Kurren to a five-count indictment, which involved the possession and distribution of methamphetamine under 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On March 6, 2000, this Court accepted Petitioner's plea. On September 25, 2000, this Court sentenced Petitioner to eighty-seven

months imprisonment with five years of supervised release as to each count, all to run concurrently. Petitioner appealed to the Ninth Circuit on October 4, 2000, and on February 21, 2001, the Ninth Circuit dismissed Petitioner's appeal.

Petitioner filed a motion on January 14, 2005, requesting that the Court review his sentence in light of Blakely v. Washington, 542 U.S. __, 123 S. Ct. 2531(2004). In his motion, Defendant first argued that the Court improperly increased his offense level from 30 to 32 for possession of a firearm, pursuant to U.S. Sentencing Guideline ("U.S.S.G.") § 2D1.1(b)(1). Defendant attacked this enhancement because he was not charged with, nor did he admit to possessing a firearm. Furthermore, citing to comment 3 of U.S.S.G. § 2D1.1, Defendant asserted that he did not "possess" the weapon for the purposes of § 2D1.1(b).[1] Defendant secondly contended that in light of Blakely and Apprendi v. New Jersey, 530 U.S. 466 (2000), his sentence was unconstitutionally imposed.

---

[1] F.B.I. agents found a firearm in Defendant's truck, which was parked in the driveway. Defendant was not in the truck at the time. It is not necessary for the Court to reach the merits of this argument, but it should be noted that the Ninth Circuit does "not require[] the guns and drugs to be found in proximity to each other, in order to support a firearm enhancement." United States v. Willard, 919 F.2d 606, 610 (9th Cir. 1990). "The proximity of guns and drugs is usually circumstantial evidence of possession during the commission of a drug offense." Id.

2

Although Defendant did not explicitly state so in his motion, it appeared that he was moving to vacate, set-aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[2]

In an order issued on April 20, 2005, the Court notified Petitioner of its intent to characterize the document as an initial 28 U.S.C. § 2255 motion and warned him that this meant that any subsequent § 2255 motions that he files will be subject to the restrictions imposed by 28 U.S.C. § 2255. Petitioner was provided the opportunity to either withdraw the motion or to amend it to plead all of the § 2255 claims he believed he had.

The Court further notified Petitioner that Apprendi and Blakely, upon which he based his motion, were not retroactive to petitions on collateral relief and did not toll the statute in his action. Thus, Petitioner was notified that his motion appeared on its face to be time-barred pursuant to 28 U.S.C. § 2255, unless he could provide some basis for tolling of the statute. He was granted leave to amend the motion to provide evidence supporting equitable tolling of the statute and

---

[2] "These rules govern a motion filed in a United States district court under 28 U.S.C. § 2255 by . . . a person in custody under a judgment of that court who seeks a determination that . . . the judgment or sentence is otherwise subject to collateral review." Rule 1, 28 U.S.C. foll. § 2255.

warned that failure to either amend or to withdraw the motion would result in its dismissal.

On May 10, 2005, Petitioner filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence as an amended version of the earlier, dismissed motion.

## STANDARD OF REVIEW

This court's review of Petitioner's motion is provided for by statute as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The scope of collateral attack of a sentence under § 2255 is limited, and thus it does not encompass all claimed errors in conviction and sentencing. United States v. Addonizio, 442 U.S. 178, 185 (1979).

Under § 2255, the court shall hold an evidentiary hearing on a petitioner's motion "unless the files and records of the case conclusively show that

the prisoner is entitled to no relief." 28 U.S.C. § 2255. The standard for holding an evidentiary hearing is whether the petitioner has made specific factual allegations that, if true, state a claim on which relief could be granted. United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984). The Ninth Circuit has clarified, however, that "[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing." United States v. Johnson, 988 F.2d 941, 945 (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

## DISCUSSION

In his amended motion, Petitioner asserts that the Court should vacate his sentence, because Apprendi was decided prior to his sentencing, and therefore it need not be retroactively applicable to be applicable to his case. Petitioner misses the point of the Court's previous holding. The statute provides a one-year period of limitation for motions filed under § 2255, which runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that

right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255.  Petitioner's conviction was final ninety days after the Ninth Circuit dismissed his appeal, or May 23, 2001.  Under the statute's time limitations then, Defendant would have had to file his first § 2255 motion by May 23, 2002.  Defendant filed this Petition on January 14, 2005.  Thus, Defendant's Petition is clearly untimely.

Therefore, Petitioner is only able to bring the § 2255 motion if one of the following is shown: (1) the government violated the Constitution or federal law by creating some impediment that prevented Petitioner from filing his petition earlier; (2) new facts not previously discoverable through the exercise of due diligence have come to light, or (3) the right Petitioner is asserting is newly recognized by the Supreme Court and has been made retroactively applicable to cases on collateral review.  As Petitioner has raised no argument regarding an impediment created by the government or newly discovered evidence, the only way Petitioner may bring the § 2255 motion is if he is asserting a right that has been newly articulated by the Supreme Court and that is retroactively applicable on collateral review.

As Petitioner shows the Court, he was sentenced three months after the Supreme Court issued its ruling in Apprendi, and his attorney raised Apprendi-based arguments in his direct appeal. Therefore, because Apprendi was issued prior to Petitioner's sentencing and direct appeal, the rights established by the Supreme Court in that ruling will not provide Petitioner with a basis for tolling the statute of limitations. Therefore, Petitioner's claims under Apprendi are barred by the statute of limitations.

In his amended petition, Petitioner states that he bases his arguments additionally on Blakely and Booker. However, as this Court explained to Petitioner in its last order, the rulings are not applicable retroactively on collateral appeal, and therefore they also will not provide a basis for tolling the statute of limitations. The Ninth Circuit has held that, because the Supreme Court has not rendered the Blakely rule applicable retroactively on collateral attack, the courts in this circuit will not apply it as such. See, e.g., Cook v. United States, 386 F.3d 949, 950 (9th Cir. 2004). The Ninth Circuit has not ruled on the issue of whether Booker may be retroactively applied to initial cases on collateral review. However, it is for the District Court in the first instance to make the retroactivity determination under 28 U.S.C. § 2255 ¶ 6(3). See Ashley v. United States, 266 F.3d 671, 674 (7th Cir. 2001) (stating "[a] district judge may determine whether a

7

novel decision of the Supreme Court applies retroactively, and thus whether a collateral attack is timely under § 2244(b)(2)(A) or § 2255 ¶ 6(3)."); see also Wiegand v. United States, 380 F.3d 890, 892-93 (6th Cir. 2004) (stating "[t]he district court here should decide retroactivity in the first instance."); Dodd v. United States, 365 F.3d 1273, 1278 (11th Cir. 2004) (stating "every circuit to consider this issue has held that a court other than the Supreme Court can make the retroactivity decision for purposes of § 2255(3).")

The Supreme Court expressly stated that Booker's holding must be applied to all cases currently pending on direct review. Booker, 125 S. Ct. at 769. Nothing within the opinion suggested any likelihood that Booker includes a retroactive application, and an extension of the Blakely principles, to collateral review of the many thousands of long-final convictions and sentences, such as that of Petitioner.

There are three rationales for finding that Booker does not apply retroactively to cases on collateral review. First, "[w]hen the Supreme Court makes a rule retroactive for collateral-review purposes, it does so unequivocally, in the form of a holding." In re: Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) (holding that Booker is not retroactive to a second or successive § 2255 motion,

8

because the Supreme Court has not expressly found it so). The Supreme Court had the opportunity to do so but did not.

Second, every federal court of appeals to address the question of whether Blakely or Booker are retroactive to initial cases on collateral review, such as that of Petitioner, has held that they are not. See Rowell v. Dretke, No. 04-70013, 2005 WL 151916 at *8 (5th Cir. Jan. 25, 2005); Humphress v. United States, No. 03-5951, 2005 WL 433191 *7 (6th Cir. Feb. 25, 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); United States v. Price, 2005 WL 53536 *5 (10th Cir. Mar. 8, 2005); Varela v. United States, No. 04-11725, 2005 WL 367095 (11th Cir. Feb. 17, 2005).

Third, under the doctrine announced in Teague, 489 U.S. at 300,[3] Booker is not retroactive on collateral review. Under the Teague doctrine, to determine retroactivity, the district court must determine: (1) when the petitioner's conviction became final; (2) if the rule sought to be applied is a "new" rule; and if so, (3) whether it falls within either of the two exceptions to the presumption against retroactivity. Beard v. Banks, __ U.S. __, 124 S. Ct. 2504, 2510 (2004)

---

[3] The Supreme Court first announced the law regarding non-retroactivity in Teague, thus, federal courts often refer to this law as the Teague doctrine or rule. See Caspari v. Bohlen, 510 U.S. 383, 389 (1994).

9

(citing Graham v. Collins, 506 U.S. 461, 468 (1993)) (further citations omitted). In other words, a court must ascertain the "'legal landscape as it then existed' and ask whether the Constitution, as interpreted by the precedent then existing, compels the rule." Id. at 2510 (internal citations and quotations omitted).

Defendant's conviction was final on May 23, 2001, ninety days after the Ninth Circuit dismissed his appeal, nearly five years before the decision in Booker. The Court must now determine whether Booker announced a new rule, and whether that rule, if new, falls within one of the two exceptions of non-retroactivity.

When the Supreme Court announces a new rule, that new rule applies to all criminal cases on direct review. Schriro v. Summerlin, __ U.S. __, 124 S. Ct. 2519, 2526-27 (2004) (concluding that Ring v. Arizona, 536 U.S. 584 (2002), which applied the Apprendi principles to Arizona's death penalty sentencing regime, is not retroactive to cases on collateral review). A rule is "new" if it "breaks new ground," "imposes a new obligation on the States or the Federal Government," or was not "dictated by precedent existing at the time the defendant's conviction became final." Graham, 506 U.S. at 467 (quoting Teague, 489 U.S. at 301).

Booker's extension of the Blakely rule to the Federal Sentencing Guidelines, and Booker's severance of two provisions of the Sentencing Act to make the Guidelines advisory, rather than mandatory, is undoubtedly a new rule. It breaks new ground, by severing and excising two sections of the Federal Sentencing Act, it definitively imposes the Blakely rule upon the Federal Sentencing Guidelines, and it was not dictated by precedent at the time that Booker's conviction became final.

There are two narrow exceptions to Teague's non-retroactivity principle. See Caspari, 510 U.S. at 396. First, a new rule is retroactive if it places "certain kinds of primary, private individual conduct beyond the power of the law-making authority to proscribe." Teague, 489 U.S. at 307 (internal quotations omitted). Such rules are termed "substantive," and include "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish" or decisions that "narrow the scope of a criminal statute by interpreting its terms." Schriro, 124 S. Ct. at 2522 (internal citations and quotations omitted).

Second, a new rule is retroactive if it is in a class of "watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding." Beard, 124 S. Ct. at 2513. There are very few rules that

11

qualify under the watershed exception. See Teague, 489 U.S. at 313; see also Graham, 506 U.S. at 478. In fact, the Supreme Court has stated that "it is unlikely that any of these watershed rules has yet to emerge." Tyler v. Cain, 533 U.S. 656, 666 n.7 (2001).

In Ring, the Supreme Court concluded that an Arizona law was unconstitutional under Apprendi, because it allowed the judge to find aggravating factors necessary to trigger the death penalty, rather than the jury. Ring, 536 U.S. at 609. In Schriro, the Court concluded that Ring's jury requirement was a new rule of criminal procedure and not a substantive rule because Ring did not alter the range of conduct that the Arizona law subjected to the death penalty, but instead "altered the range of permissible methods for determining whether a defendant's conduct is punishable by death." Schriro, 124 S. Ct. at 2523. In concluding that Ring's rule was procedural, Schriro held that Ring did not announce a "watershed" rule of criminal procedure, and thus, was not retroactive to cases either final on direct review, or on collateral review. Id. at 2526-27.

Clearly, the first exception does not apply to Booker, because Booker does not decriminalize a class of conduct or prohibit punishment for a particular class of defendants. The Booker rule is therefore, not a substantive rule, but a

12

procedural one, altering the procedures of sentencing, but not the elements of an offense, or redefining a class of punishable conduct. See id. at 2523.

Schriro's reasoning in Ring as to the inapplicability of the second exception applies equally to Booker. Booker's rule is procedural because it addresses the propriety of judicial fact-finding during the sentencing phase, and what factors a judge must take into account during that phase of the trial. These procedures deal with the method in which the enhancements are found and not in the enhancements themselves. Schriro found that to apply retroactively a procedural, or "watershed," rule is one "'without which the likelihood of an accurate conviction is seriously diminished.'" Id. at 2523 (quoting Teague, 489 U.S. at 313).

In reviewing a case which increased a life sentence to a death sentence, Schriro held that the unconstitutional use of judicial fact-finding did not seriously diminish the accuracy of the conviction, and thus, was insufficient to trigger retroactivity. Id. at 2526. Schriro made clear that these types of Apprendi issues likely do not apply retroactively. It is therefore unlikely that Booker's application of the Apprendi/Blakely rule to the Federal Sentencing Guidelines seriously diminished the likelihood of an accurate conviction in this case. This Court concludes that the Booker rule does not announce a watershed procedural

13

rule, and does not apply retroactively to Petitioner's action. Therefore, the holdings of Booker and Blakely do not provide a basis for tolling the statute of limitations provided for § 2255 motions. As such, his claims are time-barred, and his motion must be DENIED.

## CONCLUSION

For the reasons stated above, the Court DENIES Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, _____ MAY 2 0 2005.

DAVID ALAN EZRA
CHIEF UNITED STATES DISTRICT JUDGE

United States of America v. John Kuaaloha Hewett, CR. NO. 00-00063 DAE-BMK; CV. NO. 00-00277 DAE-BMK; CV. NO. 05-00314 DAE-BMK; ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY